432

RAINBOW STONE COMPANY, Plaintiff-Appellee, v. TEN COLOR STONE COMPANY, Defendant-Appellees and GLINIAK, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24059.   Decided March 15, 1957.

Ford, Clarke, Howland & Wegman, for defendant-appellee Michael Sepic.

Friedman & Heilman, for defendant-appellant Andrew Gliniak.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from an order of the Common Pleas Court confirming a report of a referee in a special proceeding in aid of execution.  The appellant seeks a reversal of this order of the trial court in said proceeding whereby the judgment debtor's (appellant herein) debtor (the garnishee) was ordered to pay $160.00 into

court to apply on the judgment which amount the court found to be the indebtedness of the garnishee to the appellant.

A judgment was taken by The Rainbow Stone Company against The Ten Color Stone Co., John W. Diczhazy, Michael Sepic, Steven Evanczuk and Andrew Gliniak, in the Common Pleas Court of Carroll County for $14,967.84 with interest at 8% from February 19, 1954. A certificate of judgment was filed in Cuyahoga County under the provisions of §2329.02 R. C. Thereafter this judgment was assigned by the plaintiff to Michael Sepic, one of the defendants, on March 19. 1956. and a record of such assignment was properly recorded on the judgment lien docket of Cuyahoga County. Thereafter. an execution against the judgment debtors was issued and returned "no funds found." Upon the return of the execution, an affidavit in aid of execution was filed seeking to subject the indebtedness of Joseph Paluck, dba Weather King Co., to defendant Andrew Gliniak. Upon hearing before a referee, it was determined and the court affirmed the report, that the garnishee was indebted to Andrew Gliniak in the sum of $160.00, which amount the garnishee was ordered to pay into court on the judgment indebtedness of Andrew Gliniak and his co-defendants.

The undisputed facts are that Michael Sepic, a co-defendant and co-maker of the note upon which judgment was taken against the appellant and other defendants, including Michael Sepic, in the action in Carroll County, is now seeking, on the strength of an assignment to him by the plaintiff, and in the same action by this special proceeding, to enforce the payment of the judgment against Andrew Gliniak, a co-defendant and judgment debtor with Michael Sepic.

Upon trial of the issue against the co-makers of a promissory note, one of the defendants who attempts to become the owner of such judgment by payment, or otherwise, to the plaintiff in the action in settlement of the judgment, attempts to take an assignment of the judgment to himself as a co-judgment debtor, cannot seek to enforce payment of such judgment against his co-judgment debtors on the theory of subrogation. The payment of a judgment by one of several of the judgment debtors in the action is a satisfaction of the judgment and if there be a right to contribution from any of the remaining judgment debtors, such right must be sought in a new action. The trial of the issues between the plaintiff and co-defendants does not settle the relationship between the defendants and the responsibility to each other for the debt due the judgment creditor.

The legal remedy to be applied under these circumstances is the same as that between joint makers of a promissory note where one of such joint makers pays the obligation. He cannot bring an action on the note against his co-makers because the note is endorsed to him. The right of contribution is not based on the obligations of the note but can be determined if suit is necessary only by a separate action.

In 10 Corpus Juris Secundum page 986, paragraph 449(b), it is stated:

"Because payment by one joint maker discharges the instrument, as is stated supra in subdivision (2) (a) of this section, the joint maker who makes the payment cannot sue his co-makers on the note, on as-

434

signment or indorsement of it to him by the payee not resuscitating it or vitalizing it in his hands as against his comaker. The remedy of the maker making the payment in such case is to sue for contribution. * * *"

In 49 Corpus Juris Secundum, page 1025, paragraph 555 (a), it is stated:

"Payment of a judgment by one of two or more joint defendants usually operates as a satisfaction and extinguishment of the judgment as to all, regardless of the intention of the parties to the transaction, * * * and there are authorities holding that the rule applies to judgments on negotiable paper."

See also Cauble v. Cauble, 283 S. W. 914.

In 49 Corpus Juris Secundum, page 1026, paragraph 555 (b), it is also stated:

"As a general rule, in the absence of a statute to the contrary, it is not competent for one of the joint defendants on paying the judgment to take an assignment of it to himself, or, * * * to a third person for his benefit, so as to wield it against his co-defendant, * * *."

For the foregoing reasons, the order of the Common Pleas Court is reversed and final judgment entered on the order appealed from.

HURD and KOVACHY, JJ, concur.